UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| CANICE DIKE, | : | |
| Petitioner | : | No. 4:CV-04-2143 |
| | : | |
| vs. | : | (Petition Filed 09/27/04) |
| | : | |
| | : | (Judge Muir) |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondents | : | |

**ORDER**
July 12, 2005

Canice Dike, an inmate presently confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The required filing fee has been paid. A response and traverse having been filed, the petition is ripe for disposition. For the reasons set forth below, the petition for writ of habeas corpus will be dismissed.

**Background**

In November, 1993, following a jury trial in the United States District Court for the Eastern District of Pennsylvania, Dike was convicted of conspiring to distribute heroin, in violation of 21 U.S.C. § 846; travel and aiding and abetting travel in interstate and foreign commerce to

facilitate narcotics trafficking in violation of 18 U.S.C. §§ 1952(a)(3)and (2); three counts of importing and aiding and abetting the importation of heroin, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) and 18 U.S.C. § 2; and three counts of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  (Doc. No. 15, Ex. 1, criminal docket sheet).  After the trial, by Order dated November 30, 1993, the trial court granted the government's motion to dismiss count 1 of the indictment, conspiracy to distribute heroin. (Doc. No. 15, Ex. 1, p. 8).  On May 2, 1995, Dike was sentenced to a term of imprisonment of 190 months followed by five years of supervised release.[1]  (Doc.

---

[1] On January 19, 1993, Dike pled guilty to conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846; possession with intent and aiding and abetting in possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2;importing and aiding and abetting the importation of heroin, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) and 18 U.S.C. § 2; and possession with intent to distribute heroin near a school in violation of 21 U.S.C. § 860(a). (Doc. No. 15, Ex. 3, criminal docket).  On February 22, 1999, Dike was sentenced to an eighty month term of imprisonment, to run concurrently with the sentenced imposed in May, 1995, followed by an eight year term of supervised release. (Doc. 15, Ex. 3 at p. 9).  On June 27, 2000, the Third Circuit Court of Appeals affirmed Dikes conviction and sentence.  United States vs. Dike, 225 F.3d 651 (3d Cir. 2000).  On October 9, 2001, the United States Supreme Court denied Dike's petition for writ of

(continued...)

No. 15, Ex. 1, p. 14).

On May 11, 1995, Dike filed a direct appeal from his conviction to the United States Court of Appeals for the Third Circuit. Id. On October 9, 1996, the Court of Appeals affirmed Dike's conviction and sentence. United States vs. Ebo, 101 F.3d 692 (3d Cir. 1996). On October 6, 1997, the United States Supreme Court denied Dike's petition for writ of certiorari. Dike vs. United States, 522 U.S. 835 (1997).

On October 8, 1997, Dike filed a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 15, Ex. 1, p. 16). On May 3, 1999, the sentencing court denied Dike's 2255 motion, and on June 21, 2000, denied his subsequent motion for a certificate of appealability. Id. at 17-18. Dike then filed a motion to file a second or successive motion under 28 U.S.C. § 2255. By Order dated April 30, 2001, the Court of Appeals denied petitioner's motion. USA vs. Dike, No. 00-1667 (3rd Cir. 2001). On

---

[1](...continued)
certiorari. Dike vs. United States, 534 U.S. 968 (2001). On June 25, 2001, Dike filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 15, Ex. 3 at p. 10). On October 22, 2002, the district court denied Dike's 2255 motion, as well as his application for a certificate of appealability. (Doc. No. 15, Ex. 3 at p. 11).

September 28, 2004, Dike filed a motion to recall the Court's mandate, in light of Blakely vs. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004). Id. By Order dated October 18, 2004, the Court of Appeals denied the motion to recall the mandate. Id. On February 16, 2005, Dike filed a second motion to recall the mandate, based on United States vs. Booker, ___U.S.___, 125 S.Ct. 738 (2005). Id. By Order dated June 14, 2005, the Court of Appeals denied the motion to recall the mandate. Id.

On September 27, 2004, Dike filed the instant petition for writ of habeas corpus in which he avers that his conviction and sentence are in violation of the United States Supreme Court's holding in Blakely, 542 U.S. 296, 124 S.Ct. 2531 (2004).[2] He claims he is entitled to seek § 2241 relief under the § 2255 savings clause based on the subsequent change

---

[2] In Blakely, the Supreme Court held that a Washington state sentencing scheme offended the Sixth Amendment because it deprived the defendant of his constitutional right to a jury trial determination. The Supreme Court held that:
> the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.

Id. at 2537 (internal citations omitted).

in the law as articulated in Blakely. In his petition, he suggests Blakely is an intervening change in the law which he cannot raise in a section 2255 motion, and as such, a section 2255 motion is "inadequate or ineffective" to address this issue.

**Discussion**

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States vs. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); Snead vs. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (Caldwell, J.). Here, petitioner is clearly challenging his conviction and sentence based on the "new ruling" announced in Blakely, supra. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See section 2255 ¶ 5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a § 2241 petition only when he shows that the remedy under section 2255 would be "inadequate

5

or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; see also United States vs. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness of § 2255 must be a "limitation of scope or procedure...prevent[ing] a Section 2255 proceeding from affording...a full hearing and adjudication of [a] wrongful detention claim." Okereke vs. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle vs. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris vs. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers vs. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)("A prior unsuccessful § 2255 motion or the inability to meet the requirements for a second or successive 2255 motion "does not make § 2255 inadequate or ineffective."). Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown vs. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Initially, the Court notes that the petitioner has failed to show that the Supreme Court intended <u>Blakely</u> to be applied retroactively to cases on collateral appeal. Whether a "new rule" applies retroactively to final convictions generally depends on whether the rule announced by the Supreme Court is substantive or procedural. New substantive rules generally apply retroactively while new procedural rules generally do not unless they implicate the fundamental fairness and accuracy of criminal proceedings. <u>See</u> Schriro vs. Summerlin, 124 S. Ct. 2519, 2523 (2004)("New rules of procedure generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise."); <u>see also</u> Teague vs. Lane, 489 U.S. 288 (1989).

Thus far, there is no Supreme Court precedent announcing that <u>Blakely</u> is to be applied retroactively, i.e. it is available as a means of relief for cases other than those that were on direct appeal when it was decided (June 24, 2004). Likewise, the Court of Appeals for the Third Circuit has not addressed this issue. However, it is clear that <u>Blakely</u> is simply an application and extension of the new constitutional

7

rule of criminal procedure the Supreme Court announced in Apprendi vs. New Jersey, 530 U.S. 466 ("'[o]ther than the fact of conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'")

The Court of Appeals for the Third Circuit has held that Apprendi is not to be applied retroactively to cases on collateral review. See United States vs. Swinton, 333 F.3d 481, 485-87 (3d Cir.2003). Thus, as Blakely is a direct descendant of Apprendi, it too is a procedural rule of law that is not retroactive to criminal cases on collateral review. See United States vs. Price, 400 F.3d 844 (10th Cir. 2005); Varela vs. United States, 400 F.3d 864 (11th Cir. 2005); Green vs. United States, 397 F.3d 101(2d Cir. 2005)(*per curiam*); McReynolds vs. United States, 397 F.3d 479 (7th Cir. 2005); In re Kirkland, No. 04-3125, 2005 WL 181890 (D.C. Cir. Jan. 27, 2005).

In light of the substantial precedent from several Courts of Appeals that Blakely does not apply retroactively to cases on collateral review, this Court also finds the same. Thus, relief via the possible application of Blakely is

unavailable to Dike.[3]

Moreover, to the extent that Dike has sought, and been denied, permission by the Court of Appeals for the Third Circuit to file a second § 2255 motion, section 2255 is not inadequate or ineffective merely because Dike is unable to meet the gatekeeping requirements for filing a second § 2255 motion. In re Dorsainvil, 119 F.3d at 251.

Blakely does not place Dike in the narrow exception of those eligible to file a section 2241 petition as recognized in Dorsainvil, supra. Dorsainvil requires a precedent that makes the conduct of conviction non-criminal. The Court of Appeals for the Third Circuit has held that the Dorsainvil rationale does not permit pursuit of Apprendi claims by way of § 2241 petitions:

> Unlike the intervening changes in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render [drug trafficking], the crime for which Okereke was convicted, not criminal. Accordingly, under our In

---

[3] The Court of Appeals for the Third Circuit has also held that United States vs. Booker, 125 S. Ct. 738 (2005), which recognized that Apprendi and Blakely applied to the United States Sentencing Guidelines, but also ruled that the Guidelines are now only advisory, does not apply retroactively to cases on collateral review. See United States vs. West, No. 04-3881, slip op. at 2 n.1 (3d Cir. March 4,2005).

> re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument.

Okereke, 307 F.3d at 120-121. Petitioner finds himself in a very similar situation. Dike was convicted of possession with intent to distribute heroin in violation of 21 U.S.C.A. §§ 841(a)(1). He does not contend he did not possess heroin with the intent to distribute it. Thus, Dike's claims do not fall within the narrow opening for § 2241 review in the district of confinement created in Dorsainvil. Since it cannot be said that § 2255 is inadequate or ineffective to test the legality of Dike's detention or sentence, his § 2241 petition must be dismissed.

Finally, because Dike is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

**IT IS THEREFORE ORDERED THAT:**

1. The petition for writ of habeas corpus is **DISMISSED** without prejudice.

2. The Clerk of Court is directed to **CLOSE** this case.

> s/Malcolm Muir
> MUIR
> United States District Judge